MICHAEL A. ZUK, ESQ. (Bar # 83102)
mzuk@hrllp-law.com
**HERZFELD & RUBIN LLP**
1925 Century Park East, Suite 900
Los Angeles, California 90067-2783
Telephone: (310) 553-0451
Facsimile: (310) 553-0648

MARY D. OWENS (*pro hac vice*)
diane.owens@swiftcurrie.com
BRADLEY S. WOLFF (*pro hac vice*)
brad.wolff@swiftcurrie.com
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6158

Attorneys for Defendant,
SANOFI PASTEUR INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| G.M., a minor, by and through her Guardian Ad Litem, LORENA MORA,<br><br>Plaintiff,<br><br>vs.<br><br>SANOFI PASTEUR INC. and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO.: 2:14-cv-09549-FMO (ASx)<br>Honorable Fernando M. Olguin<br>Courtroom: 25<br><br>**JOINT MOTION FOR A STAY OF THE PROCEEDINGS**<br><br>Complaint Served: November 26, 2014 |

JOINT MOTION FOR A STAY OF THE PROCEEDINGS

COME NOW Plaintiff and Defendant and jointly move this Honorable Court for a stay of these proceedings until the earlier of either a resolution of Plaintiff's claim in the United States Court of Federal Claims or a decision by the United States Court of Appeals for the Federal Circuit in the case of *Lorena Mora, G.G.M., a minor, by and through her Guardian ad Litem v. Secretary of Health and Human Services*, Court of Federal Claims No. 1:13-vv-00421-EDK and Court of Appeals No. 2015-5139, for the following reasons:

## I. STATEMENT OF THE PROCEEDINGS IN PARALLEL FORUMS

### A.  The Vaccine Court Proceedings

1.  On June 25, 2013, Plaintiff filed a Petition for Compensation in the Court of Federal Claims (the "Vaccine Court") under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act" or the "Act"), 42 U.S.C. §§ 300aa-10, *et seq.* (2006), alleging that G.G.M. developed transverse myelitis due to an influenza vaccination she received on September 5, 2012.

2.  Plaintiff's Petition was dismissed by the Special Master assigned to adjudicate her Petition on July 21, 2014, and judgment was entered by the Court of Federal Claims on August 29, 2014.

3.  Plaintiff filed a Motion to Set Aside the Judgment and Dismissal on January 21, 2015. Her motion was denied by the Special Master on March 20, 2015 and her Motion for review by a judge of the Court of Federal Claims was denied on July 20, 2015.

4.  Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit on August 27, 2015.

5.  The Court of Appeals held oral argument on September 6, 2015, and on September 8, 2016, issued an Order directing the filing of Supplemental Briefs or notification of a settlement by November 9, 2016. The issue to be briefed concerns the Special Master's authority and the authority of the Court of Federal Claims to have issued the decision and judgment dismissing the Petition. *See* Exhibit A.

6. During oral argument, the judges of the Court of Appeals strongly urged counsel for the Plaintiff/Appellant and the Secretary/Appellee to re-engage in settlement negotiations and to reach a negotiated resolution of Plaintiff's claim for compensation under the Vaccine Act. The Court's official recording of the oral argument may be obtained from the Court's website at http://www.cafc.uscourts.gov/oral-argument-recordings.

**B.  The Proceedings In This Court**

1. Plaintiff's Complaint against Sanofi Pasteur Inc. was initially filed in state court on October 14, 2014 and was removed to this court on December 16, 2014. Dkt. 2.

2. This court has ruled on Defendant's Motion to Dismiss the Complaint, Dkt. 25, and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. 81. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. 82, remains pending.

3. On July 21, 2016, the court entered its Order Re: Stipulation to Continue Pretrial and Trial Deadlines, Dkt. 101, pursuant to which expert witness disclosures are due to be served by October 24, 2016 and all expert discovery is to be completed by December 23, 2016. Deadlines are scheduled for additional filings and hearings and the case is set for trial on April 25, 2017.

## II. REASONS FOR GRANTING A STAY

Plaintiff has been trying to get her Vaccine Court Petition reinstated since January 2015. Now, either a settlement of Plaintiff's claim for compensation or a decision on her pending Appeal appears to be forthcoming in the very near future.

If the Court of Appeals decides Plaintiff's case and affirms the Decision below, the Vaccine Court proceedings will end, barring review on certiorari by the Supreme Court. If, on the other hand, Plaintiff and the Secretary of Health and Human Services are able to reach a settlement agreement or the Court of Appeals reverses the Decision below, Plaintiff will return to the U.S. Court of Federal Claims

to either obtain a judgment on a stipulated settlement or to pursue her claim for compensation on the merits.

The simultaneous prosecution of claims for alleged vaccine-related injuries in Vaccine Court and (as against a vaccine manufacturer or administrator) in civil litigation is prohibited by the Vaccine Act. 42 U.S.C. §§ 300aa-11. Plaintiff's return to the Court of Federal Claims would necessarily require the dismissal of this lawsuit. 42 U.S.C. § 300aa–11(a)(5)(B) ("If a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition … for such injury or death."); *Aull v. Sec'y of Health & Human Servs.*, 462 F.3d 1338, 1344 (Fed. Cir. 2006) ("Court of Federal Claims did not err in dismissing the Vaccine Act petition under 42 U.S.C. § 300aa–11(a)(5)(B) because the *Aulls* have a pending civil action (in Kentucky State Court) for a 'vaccine-related' injury."); *Flowers v. Sec'y of Dep't of Health & Human Servs.*, 49 F.3d 1558, 1561 (Fed. Cir. 1995) (the Vaccine Act makes dismissal of a "co-pending civil action a prerequisite to pursuit of compensation under the Vaccine Act.")

Plaintiff intends to pursue settlement negotiations with the Secretary or, if such negotiations are unsuccessful, to await a decision on her pending appeal. Therefore, engaging in expensive expert discovery and other efforts to prepare this case for trial in this court is not in the best interests of Plaintiff or Defendant or consistent with the interest of judicial economy, unless or until Plaintiff is foreclosed from further proceedings under the Vaccine Act. Neither party would be prejudiced by suspending all proceedings in this action until the parties know whether Plaintiff will be successful in a settlement or reinstatement of proceedings in the Vaccine Court.

This Court has the inherent power to stay proceedings and may "find it ... efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.1979);

JOINT MOTION FOR A STAY OF THE PROCEEDINGS

*Lopez v. Am. Express Bank, FSB*, No. CV 09-07335 SJO MANX, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010). Here, the parties agree that a stay pending resolution of Plaintiff's "independent proceedings" is the most efficient and fairest course.

    Accordingly, a stay of all proceedings in this action should be granted until the earlier of either a resolution of Plaintiff's claim in the United States Court of Federal Claims or a decision by the United States Court of Appeals for the Federal Circuit.

LAW OFFICES OF DANNY SOONG

Dated: Sept. 23, 2016     By: /s/ Danny Soong
                                          Danny Soong, Bar No. 192045
                                          Attorney for Plaintiff

HERZFELD & RUBIN LLP

Dated: Sept. 23, 2016     By: /s/ Michael A. Zuk
                                          Michael A. Zuk, Bar No. 83102
                                          Attorneys for Defendant

SWIFT, CURRIE, MCGHEE & HIERS, LLP

Dated: Sept. 23, 2016     By: /s/ Bradley S. Wolff
                                          M. Diane Owens, GA Bar No. 557490
                                          Bradley S. Wolff, GA Bar No. 773388
                                          Attorneys for Defendant

## ECF ATTESTATION

I, Craig L. Winterman, am the ECF user whose ID and password are being used to file this Joint Motion for Stay of the Proceedings. In compliance with Civil Local Rule 5-4.3.4, I hereby attest that counsel for Plaintiff, Danny Soong, concurs in this filing's content and has authorized the filing.

Dated: Sept. 23, 2016          By:   /s/ Craig L. Winterman
                                     Craig L. Winterman, Esq.

# EXHIBIT A

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**LORENA MORA, G.G.M., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM,**
*Petitioners-Appellants*

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

2015-5139

Appeal from the United States Court of Federal Claims in No. 1:13-vv-00421-EDK, Judge Elaine Kaplan.

Before MOORE, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

## ORDER

IT IS ORDERED THAT:

The parties shall file supplemental briefs of no more than 15 pages, double spaced, by November 9, 2016, unless the parties reach a settlement before that date. The briefs should be limited to addressing the issues raised in the brief filed by Amicus Curiae Sanofi Pasteur Inc. on August 5, 2016, and, specifically, the Secretary's

2                    MORA v. SECRETARY OF HEALTH AND HUMAN

position regarding judgments contained in the Response to Special Master's Questions Concerning the "Issue of Judgments," filed on July 30, 2003 in the Omnibus Autism Proceeding.

If a settlement is reached, the parties shall notify us in writing on or before November 9, 2016.

FOR THE COURT

September 8, 2016           /s/ Peter R. Marksteiner
     Date                   Peter R. Marksteiner
                            Clerk of Court

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1925 Century Park East, Suite 900, Los Angeles, California 90067.

On **September 23, 2016**, I served the foregoing document described as: **JOINT MOTION FOR A STAY OF THE PROCEEDINGS** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**See attached service list.**

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **September 23, 2016**, at Los Angeles, California.

| Karen Cech | /s/ Karen Cech |
|---|---|
| (Type or print name) | (Signature) |

PROOF OF SERVICE

*Mora vs. Sanofi Pasteur Inc.*
**SERVICE LIST**

Danny Soong
LAW OFFICES OF DANNY SOONG
100 N. Barranca Street, Suite 700
West Covina, CA 91791
Telephone: (626) 858-2068
Fax: (626) 858-1922
Counsel for Plaintiff *G.M., a minor, by and through her Guardian Ad Litem, Lorena Mora*

MARY D. OWENS (*pro hac vice*)
diane.owens@swiftcurrie.com
BRADLEY S. WOLFF (*pro hac vice*)
brad.wolff@swiftcurrie.com
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309
Telephone:  (404) 874-8800
Facsimile:   (404) 888-6158
Co-Counsel for Defendant, *SANOFI PASTEUR INC.*

PROOF OF SERVICE